**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANGELA ASHLEY,**

        **Plaintiff,**

**-vs-**                **Case No. 6:11-cv-1303-Orl-22KRS**

**4 YOUR CHILD, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 18)**
>
> **FILED:**   **December 6, 2011**

**I. PROCEDURAL HISTORY.**

   Plaintiff Angela Ashley and Defendant 4 Your Child, Inc. seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*[1]

**II. APPLICABLE LAW.**

   In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment

---

[1] Plaintiff also requested a declaratory judgment. It appears that claim has been abandoned.

of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[2] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether the plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III. ANALYSIS.

In her answers to the Court's interrogatories, Ashley averred that she was owed $750.00 in overtime compensation and an equal amount in liquidated damages. Doc. No. 12 at 3. In the settlement agreement, Ashley will receive only $750.00. Doc. No. 18-1. Counsel represents that Ashley agreed to compromise her claim because there is a dispute regarding the number of hours of "off-the-clock" overtime she worked, if any. Doc. No. 18 at 2-3. Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

---

[2] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

Because Ashley has compromised her FLSA claim, the Court must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Ashley agreed to accept.

Carlos Leach, Esq., counsel for Ashley, attached an unsworn statement regarding his experience, a time sheet, and a cost and expense statement to the motion. He requests fees for his work at the rate of $275.00 per hour and for the work of paralegals Rafael Martinez and Risma Saragil at the rate of $105.00 per hour. The Court notes that Attorney Leach has not cited any case in which he was awarded $275.00 per hour. Because this was a straightforward FLSA case, Attorney Leach's reasonable hourly rate would be no more than $250.00 in the absence of objection. Although Leach did not provide information about the paralegals' experience and reasonable hourly rates, the Court's independent research reveals that this Court has found $105.00 per hour to be reasonable for Martinez's work and $95.00 per hour to be reasonable for Saragil's work. *See Rivera v. McDonald's Corp.*, No. 6:09-cv-807-Orl-22GJK, 2010 WL 148717, at * 4 (M.D. Fla. Jan. 14, 2010). Counsel for Plaintiff incurred $400.00 in taxable costs.

The time sheet reflects work that is clerical in nature and not compensable, including preparing an introduction letter and transmittal letters and coordinating dates for the settlement conference. After deducting such noncompensable time, and applying the reduced hourly rates discussed above, the attorney's fees and costs payment of $2,650.00 under the settlement is reasonable in the absence of objection.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The Court need not approve the other provisions of the settlement agreement. I note that the settlement

agreement contains a confidentiality provision that is, at least in part, unenforceable due to the public filing of the agreement. Therefore, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Joint Motion for Approval of Settlement (Doc. No. 18);

3. **PROHIBIT** counsel for Plaintiff from withholding any portion of the $750.00 payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6. **DISMISS** the case with prejudice; and,

7. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 9, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy